# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JUSTIN SLABY,

> Plaintiff,

> v.

ERIC H. HOLDER, JR., *in his official capacity as Attorney General*,

> Defendant.

Civil Action No. 12-01160 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff, Justin Slaby, brings this lawsuit for disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, stemming from his disqualification as a New Agent Trainee at the Federal Bureau of Investigation ("FBI") Academy in Quantico, Virginia. *See* Complaint ("Compl."), ECF No. 1. The plaintiff claims that the FBI refused to consider reasonable accommodations necessitated by the plaintiff's use of a prosthesis for his left hand, which was amputated following injuries he sustained as an Army Ranger. Compl. ¶¶ 5, 14. The plaintiff also claims that "[i]nstead of welcoming a veteran whose injury occurred because a grenade detonated prematurely, the FBI instructors at the academy in Quantico responded to his presence with incredible hostility and abject disrespect." *Id.* at 2. Pending before the Court is a motion by the defendant, the U.S. Department of Justice, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action for improper venue or, alternatively, to transfer the case to the Eastern District of Virginia. *See* ECF No. 7. For the reasons set forth below, this motion will be granted in part and denied in part, and this case will be transferred to the Eastern District of Virginia.

I.        **FACTUAL AND PROCEDURAL BACKROUND**

The plaintiff served in the U.S. Army in both Afghanistan and Iraq.  Compl. at 1.  In the summer of 2004, "a defective flash bang (a stun grenade variant) prematurely detonated in his left hand.  As a result, what remained of his left hand had to be amputated," Compl. ¶ 5, and, after that, he used a prosthesis in place of his left hand, *see id*. ¶¶ 9-10.

The plaintiff "had always dreamed of becoming an FBI agent," and, after leaving the Army in 2005, he worked full-time, went to college at night, and trained so that he would be "capable of performing the job" of FBI Special Agent.  *Id*. ¶¶ 6-8.  After earning his college degree, the plaintiff was ultimately offered a position as a Special Agent in 2009.  *Id*. ¶ 9.

The plaintiff "report[ed] for duty on January 30, 2011 for basic training."  *Id*.  During his training in Quantico, Virginia, the plaintiff alleges that, because of his prosthetic hand, he was, *inter alia*, "treated by the training staff as an outsider," and he alone was "required to engage in an extensive set of 'Assessments,'" as well as trainings, and meetings above and beyond what other trainees were required to complete.  *Id*. ¶¶ 10, 11.

According to the plaintiff, "[t]he FBI accused Slaby of being unable to fire with his left hand unsupported" and although "Slaby developed a technique to shoot five rounds with his non-dominant hand," the "FBI told him that it did not approve of the manner in which he could shoot with his left hand, and ordered him to shoot only with his right hand."  *Id*. ¶¶ 12, 13.  The plaintiff claims that "[h]e was very proficient at that task, but immediately after the class was over, the FBI informed [him] that he was being dropped as a Special Agent because of his disability, a damaged left hand that does not interfere in his ability to perform the essential functions of the job."  *Id*. ¶ 13.

The plaintiff alleges that he asked the FBI to reconsider its decision, and has exhausted his remedies. *Id.* ¶¶ 16-18. The plaintiff also states that "[n]either [the plaintiff] nor his counsel ever received a final decision on his complaint, and more than 180 days have passed since the complaint was filed." *Id.* ¶ 18.

The plaintiff subsequently filed his one-count Complaint in this Court alleging violations of the Rehabilitation Act of 1973. *Id.* ¶ 19 (Count I). The defendant then filed Defendant's Motion to Dismiss for Improper Venue Or, Alternatively, to Transfer to the Eastern District of Virginia, ECF No. 7 ("Def.'s Mot."), arguing that the "[p]laintiff has failed to lay venue in accordance with the special venue provisions of 42 U.S.C. § 2000e-5(f)(3) applicable to actions such as this one arising under the Rehabilitation Act." Def.'s Mot. at 1. The defendant argues that, since "venue is improper, the Complaint should be dismissed." *Id.* Alternatively, pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a), claims that are not dismissed should be transferred to the Eastern District of Virginia "where venue is proper." *Id.* For the reasons stated below, the defendant's motion to dismiss is DENIED and the motion to transfer the case to the Eastern District of Virginia is GRANTED.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1406(a), the district court shall dismiss an action filed in an improper venue or, if it be in the interest of justice, transfer such case to any district in which it could have been brought. To prevail on a motion to dismiss for improper venue, under Federal Rule of Civil Procedure 12(b)(3), "'the defendant must present facts that will defeat the plaintiff's assertion of venue.'" *Wilson v. Obama*, 770 F. Supp. 2d 188, 190 (D.D.C. 2011) (quoting *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009)). Nevertheless, the burden remains on the plaintiff to establish that venue is proper since it is "'the plaintiff's obligation to

institute the action in a permissible forum.'"  *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62

(D.D.C. 2011) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)); *see also* 14D

CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3826 (3d ed. 2012)

("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district

he or she has chosen is a proper venue.").  In reviewing such a motion, the Court "'accepts the

plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences

from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's

favor.'"  *Wilson*, 770 F. Supp. 2d at 190 (quoting *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d

9, 11 (D.D.C. 2009)).  "The Court, however, need not accept the plaintiff's legal conclusions as

true, and may consider material outside the pleadings, including undisputed facts evidenced in

the record, to determine whether it has jurisdiction in the case." *Ebron v. Dep't of Army*, 766 F.

Supp. 2d 54, 57 (D.D.C. 2011) (citing *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402

F.3d 1249, 1253 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta,* 333 F.3d 193,

198 (D.C. Cir. 2003); *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haley

v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009)).

## III.   DISCUSSION

As noted, the plaintiff brings his claims under the Rehabilitation Act of 1973, as

amended, 29 U.S.C. § 791, *et seq*.  *See* Compl. ¶ 1.  Although the complaint asserts jurisdiction

pursuant to 28 U.S.C. § 1331 and venue pursuant to 28 U.S.C. § 1391, *see* Compl. ¶¶ 1-2, the

"proper venue for litigating a Rehabilitation Act claim is determined by the special venue

provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(3)." *Beaird v. Gonzalez*,

495 F. Supp. 2d 81, 83 n.3 (D.D.C. 2007).  Under these special venue provisions, a plaintiff may

bring an action: (1) "in any judicial district in the State in which the unlawful employment

practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).[1]  As explained below, the Court agrees with the defendant that this jurisdiction is not the proper venue for this action.

First, the District of Columbia is not a proper venue as the location "in which the unlawful employment practice is alleged to have been committed." *Id.*  To satisfy this part of the special venue statute, the plaintiff argues that "the decisions about [the plaintiff's] future were made at FBI headquarters in Washington, D.C.," and that various divisions of FBI's headquarters, located in Washington, D.C., were consulted on or ultimately approved the decision by Quantico training staff to remove the plaintiff as a Special Agent.  Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp."), ECF No. 8 at 5.  Specifically, the plaintiff asserts that he "was advised that he had to be 'medically evaluated and cleared by . . . the FBI Academy's Health Services or the Health Care Programs Unit . . . [located at FBI headquarters in DC]' before he could return to the academy," that "Quantico personnel repeatedly told [the plaintiff] that this and other headquarters units in Washington, D.C., were making the decisions about his employment status," that "reinstatement had to occur through the Human Resources Division . . . in Washington[, D.C.]," and that an FBI memo "made clear the involvement of headquarters" regarding [the plaintiff's] request for accommodations."  Pl.'s Resp. at 5.

The allegations proffered by the plaintiff indicate that personnel at FBI Headquarters in Washington, D.C., were involved in the decision-making process regarding his situation.  Even

---

[1] The statute also contains a catch-all provision that "*if the respondent is not found within any such district*, such an action may be brought within the judicial district in which the respondent has his principal office."  42 U.S.C. § 2000e-5(f)(3) (emphasis added).  The statute further states that "[f]or purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."  *Id*.

assuming the truth of those allegations, this does not mean that Headquarters' personnel made the final decision about the plaintiff's ability to perform essential functions, which is at the core of the official actions challenged in this suit.  The Court finds that Quantico, Virginia is the location where the plaintiff alleges that discriminatory employment practices occurred.  The plaintiff's Complaint focuses on the conduct by FBI instructors and other personnel "while he was in Quantico, Virginia working for the FBI as a new Agent Trainee."  Def.'s Mem. in Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply"), ECF No. 9, at 5; *see generally* Compl., ECF No. 1.  Additionally, the Assessments conducted of the plaintiff, including to evaluate "whether [the plaintiff] could safely perform the essential job duties of an FBI Special Agent, were conducted in Quantico, Virginia."  Declaration of Timothy J. Delaney ("Delaney Decl."), ECF No. 9-1, ¶¶ 3, 6-8.  Furthermore, and critically, "[t]he Training Division [located in Quantico, Virginia] is responsible for determining whether a New Agent Trainee can safely perform the essential functions of the Special Agent position" and "routinely disqualifies New Agent Trainees who are unable to complete the essential functions of the Special Agent position."  *Id.* ¶ 7.  Indeed, according to the individual who served as Acting Deputy Assistant Director of the Training Division and Chief of the New Agents Training Program Section (NATPS) of the Training Division at the time of the incidents alleged in this Complaint, "[t]he Training Division's disqualification decision was the final decision concerning [the plaintiff's] disqualification from the New Agents Training Program."  *Id.* ¶¶ 2, 9.  Accordingly, under this prong, it is Virginia, not Washington, D.C., where venue is proper.

Even assuming that the plaintiff is correct, that there was "involvement and decision-making in FBI headquarters in D.C." regarding the plaintiff, Pl.'s Resp. at 6, this does not demonstrate that the underlying unlawful employment practice alleged by the plaintiff occurred

in the District of Columbia.  *See Middlebrooks v. England*, No. 05-cv-0556, 2005 U.S. Dist.

LEXIS 34949, at  *6-7 (D.D.C. Nov. 2, 2005) (holding that "formal authorization" by

headquarters did not establish venue and that, instead, it was "the balance of allegedly

discriminatory events, including plaintiff['s] actual termination and every instance of alleged

workplace discrimination" that established venue); *Robinson v. Potter*, No. 04-cv-0890, 2005

U.S. Dist. LEXIS 9491, at *12 (D.D.C. May 2, 2005) (noting that "[i]f the court were to interpret

actions . . . of an administrative agency as decisions determined at the agency's headquarters

then a plaintiff would always be able [to] establish venue wherever the principal office is

located.").

　　　　Second, the plaintiff alleges that, pursuant to the second prong of the special venue

provisions, "there is ample evidence to conclude that [employment] records were administered in

Washington, D.C."  Pl.'s Resp. at 7.  In response, the defendant has submitted a declaration by

its Section Chief of the Records Policy and Administration Section, Records Management

Division, stating that "[t]he Official Personnel Folder for FBI employee Justin Slaby is currently

located in Chantilly, Virginia and contains the FBI's master set of employment records

pertaining to Mr. Slaby."  Declaration of Debra A. O'Clair ("O'Clair Decl."), ECF No. 7-2, ¶ 6;

Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF No. 7 at 8.  This

declaration establishing that the "master set of employment records" is maintained in Virginia,

O'Clair Decl. ¶ 6, also weighs in favor of a finding that venue is not proper in this jurisdiction.

*See* 42 U.S.C. § 2000e-5(f)(3); *Kendrick v. Potter*, No. 06-cv-122, 2007 U.S. Dist. LEXIS

50880, at *8-9 (D.D.C. July 6, 2007) (noting that "[d]eclarations of human resources officers and

employers are sufficient to establish where the employment records are maintained and

administered").

Third, the plaintiff may not rely on the third prong of the special venue provision of the Rehabilitation Act that venue is proper in "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. 2000e-5(f)(3). New Special Agents "may be assigned to an FBI Field Office located anywhere in the United States based upon the staffing needs of the FBI and the new Special Agent's particular skills." Declaration of Julie A. Halferty ("Halferty Decl."), ECF No. 7-1, ¶ 3.  Accordingly, any guess at where the aggrieved person would have worked as a Special Agent following his training would be merely speculative before he was assigned a placement.

Finally, the plaintiff may not rely on the residual special venue provision that "*if the respondent is not found within any such district*, such an action may be brought within the judicial district in which the respondent has his principal office."  42 U.S.C. § 2000e-5(f)(3) (emphasis added).  By its plain terms, this fourth residual basis for jurisdiction is only available "'when the defendant cannot be found within any of the districts provided for by the first three bases.'"  *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) (quoting *Kendrick*, 2007 U.S. Dist. LEXIS 50880 at *3) (citing *James v. Booz-Allen, Inc.*, 227 F. Supp. 2d 16, 24 (D.D.C. 2002) (stating that the fourth basis need not be considered when "analysis of the first three prongs reveals that the plaintiff could properly assert venue in several other districts")); *see also McLaughlin v. Holder*, No. 11-cv-1868, 2012 U.S. Dist. LEXIS 72911, *13-14 (D.D.C. May 25, 2012) (Title VII suit brought by Special Agent at the Department of Justice's Bureau of Alcohol, Tobacco, and Firearms transferred to the Middle District of Florida, where plaintiff was assigned, challenged actions occurred, and employment records were maintained pursuant to special venue requirements of 42 U.S.C. § 2000e-5(f)(3)).  Since venue properly belongs in the Eastern District of Virginia, where the alleged incidents occurred and where the plaintiff's

records are held, the plaintiff may not invoke the residual provision to establish venue in the District of Columbia.  Accordingly, the Eastern District of Virginia is the proper venue for this action.

The plaintiff's arguments to the contrary are unavailing.  Specifically, the plaintiff relies on two cases for the proposition that "the FBI has repeatedly taken the position that the proper venue in Special Agent discrimination cases is the District of Columbia."  Pl.'s SurReply in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s SurReply"), ECF No. 11, at 3.  These cases are inapposite.  In *Kapche v. Gonzales*, No. V-07-31, 2007 U.S. Dist. LEXIS 81559, at *13-14 (S.D. Tex. Nov. 2, 2007), the parties did not dispute that the local officials had accepted the plaintiff's application to the FBI, but FBI officials in Washington, D.C. were the decision-makers in denying his employment as a Special Agent.  In that case, the court found that venue in Washington, D.C. was proper because the "[plaintiff] claims that FBI officials located in Washington, D.C. are at fault."  *Id.* at *13 n.4, 14.  Here, while the plaintiff tries to place decision-making authority in Washington, D.C., it is apparent that the decision to terminate the plaintiff as a Special Agent was made in Virginia.

Similarly, in *Bruce v. U.S. Dep't of Justice*, 167 F. Supp. 2d 524 (N.D.N.Y. 2001), *rev'd on other grounds,* 314 F.3d 71 (2d Cir. 2002), an applicant for an FBI Special Agent position was denied employment because of his diabetes.  *See* 167 F. Supp. 2d at 526.  The local FBI branch office took two blood tests, requested additional medical information and "directly told [the plaintiff] that he would not become a special agent."  *Id*. at 528.  Although the defendant argued that "Washington withdrew plaintiff's offer of conditional employment," the court "focus[ed] on plaintiff's interaction with the FBI rather than the locus of decision-making" and denied the government's motion to transfer the case to Washington, D.C.  *Id*. at 528.  This

approach by the *Bruce* Court supports transferring the plaintiff's case to the Eastern District of Virginia, where the plaintiff alleges that he interacted with the FBI and faced disability discrimination.

Since venue is not proper in the District of Columbia, the Court may either dismiss the action or transfer it to a proper venue "if it be in the interest of justice." *See* 28 U.S.C § 1406(a). The defendant urges the Court to dismiss the Complaint "because it is overwhelmingly clear that the case should have been brought in the Eastern District of Virginia" and "because Plaintiff should have reasonably foreseen that the forum in which he was filing was improper." Def.'s Mem. at 10. In the alternative, the defendant argues that since "all pertinent events occurred in the Eastern District of Virginia . . . . [this case] should be litigated in the Eastern District of Virginia, where the cause of action arose, where plaintiff worked and allegedly suffered the complained of discrimination." *Id*. at 11-12. The plaintiff notes that "[e]ven if this were a case where venue was required in the Eastern District of Virginia . . . transfer would be preferable because venue would be the sole obstacle." Pl.'s Resp. at 7.

This Circuit has expressed a preference for transfer where "'procedural obstacles . . . impede an expeditious and orderly adjudication on the merits.'" *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 22 (D.D.C. 2009) (quoting *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983)); *see also James*, 227 F. Supp. 2d at 20 (noting that "[g]enerally, the interest of justice instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them") (citation and internal quotation marks omitted). Accordingly, finding that venue is improper in this jurisdiction, the Court will transfer the case to the Eastern District of Virginia.

**IV.     CONCLUSION**

The defendant's motion to dismiss this action for improper venue or, alternatively, to transfer the case is granted in part and denied in part.  The Court finds that venue is improper in the District of Columbia and that the interests of justice require transferring this case to the Eastern District of Virginia, as jurisdiction appears to be proper in that district.

An appropriate Order accompanies this Memorandum Opinion.

**Date:** November 4, 2012

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge